Lee Duane JACOBS *v.* STATE of Arkansas

CR 87-88                                      744 S.W.2d 728

Supreme Court of Arkansas
Opinion delivered February 22, 1988

552

*Naif Samuel Khoury*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was charged and convicted of the first degree murders of Noah Moss and Anna Marie Padilla. He was sentenced to two consecutive life sentences. We reverse and remand for new trials on both charges.

Both victims were killed on June 5, 1986, in Crawford County. Appellant was arrested on June 7 and, on July 2, his trial date was set for August 21, 1986. On July 18 the appellant's attorney filed a motion alleging that appellant was mentally incompetent and was unable to assist in his defense. *See* Ark. Code Ann. § 5-2-305 (1987) [Ark. Stat. Ann. § 41-605 (Repl.

1977)]. On July 22, the trial court ordered a local physician to examine the appellant in order to decide whether there were reasonable grounds to believe that appellant was incapable of assisting in his defense. On July 29, after a 20 minute examination, the local physician reported "I find no reason to believe that he is incompetent." On August 6, the appellant filed another motion for a psychiatric examination. The State objected, but the court ordered that he be examined by a local psychiatrist. On August 12, the psychiatrist conducted a two hour interview with the appellant, and on August 15 reported to the court: "Because of the impairment in his ability to cooperate with his attorney, I feel his competency to stand trial is highly questionable."

On August 18, three days before the trial was scheduled to start, the court held an omnibus hearing. Appellant's attorney orally moved for a full examination of the appellant. The trial court held that there was not enough evidence to send him to the State Hospital. The trial commenced three days later.

The appellant contends that the trial court denied him due process in refusing to order a full examination and report. The argument has merit.

The conviction of an accused person while he is legally incompetent violates due process. *Pate* v. *Robinson*, 383 U.S. 375 (1966). *See also* Ark. Code Ann. § 5-2-302 (1987) [Ark. Stat. Ann. § 41-603 (Repl. 1977)]. In order to be competent to stand trial a defendant must have the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. *Drope* v. *Missouri*, 420 U.S. 162 (1975); *Speedy* v. *Wyrick*, 702 F.2d 723 (8th Cir. 1983). A trial court should *sua sponte* order a competency hearing when there is a reasonable doubt about the defendant's competency to stand trial. *Campbell* v. *Lockhart*, 789 F.2d 644 (8th Cir. 1986).

As the Eighth Circuit Court of Appeals explained in *Speedy*, 702 F.2d at 725 (citations omitted) (emphasis added):

> This court has recently stated the test for determining whether a trial court should *sua sponte* order a competency hearing:

> > Under the rule of *Pate* v. *Robinson* . . . a due

process evidentiary hearing is constitutionally compelled at any time that there is "substantial evidence" that the defendant may be mentally incompetent to stand trial. "Substantial evidence" is a term of art. "Evidence" encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is "substantial" if it raises a reasonable doubt about the defendant's competency to stand trial. *Once there is such evidence from any source, there is a doubt that cannot be dispelled by resort to conflicting evidence.* The function of the trial court in applying *Pate's* substantial evidence test is not to determine the ultimate issue: Is the defendant competent to stand trial? Its sole function is to decide whether there is any evidence which, assuming its truth, raises a reasonable doubt about the defendant's competency. At any time that such evidence appears, the trial court *sua sponte* must order an evidentiary hearing on the competency issue.

. . .

Although the Supreme Court has not prescribed exact standards as to the quantum or nature of the evidence necessary to require a competency hearing, the Court has indicated that consideration of evidence relating to "a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial" is appropriate. *Drope* v. *Missouri*, 420 U.S. at 180,

. . . .

■ The psychiatrist's two hour interview resulted in a report stating that appellant's "competency to stand trial is highly questionable." That report raised a reasonable doubt about appellant's competency to stand trial. At that time, the trial court should have ordered a full examination and report pursuant to Ark. Code Ann. § 5-2-305(c) (1987) [Ark. Stat. Ann. § 41-605(3) (Repl. 1977)], and, if warranted by the report, conducted a determination of fitness to proceed. *See* Ark. Code Ann. § 5-2-309 (1987) [Ark. Stat. Ann. § 41-606 (Repl. 1977)]. The failure

to do so constitutes reversible error.

Appellant argues that we should reverse and dismiss because, aside from his confession, "there was no other proof" as required by Ark. Code Ann. § 16-89-111(d) (1987) [Ark. Stat. Ann. § 43-2115 (Repl. 1977)].

■ Ark. Code Ann. § 16-89-111(d) [Ark. Stat. Ann. § 43-2115] provides:

> A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed.

In the instant case, the other proof that the murders were committed was the discovery of the corpses which showed that both victims had been shot to death. *See Morgan v. State*, 286 Ark. 264, 691 S.W.2d 164 (1985). Since there was corroborating evidence the murders were committed, we reverse and remand rather than reverse and dismiss.

Next, we consider the two points likely to arise again upon retrial. In the first of these points, the appellant argues that the trial court erred in allowing State's exhibits 15, 16, and 17 into evidence.

■ These exhibits are color photographs of the victims taken at the time the bodies were found. The medical examiner stated the pictures would aid him in demonstrating how he established the times of the deaths because the pictures showed lividity and color at a known time. Even though the pictures are inflammatory, they assisted the jury in understanding the testimony, and were properly admissible. *Harvey v. State*, 292 Ark. 267, 729 S.W.2d 406 (1987).

■ Appellant also argues that the trial judge should have given a non-AMCI instruction concerning a prior consistent statement. The trial court ruled correctly. Under A.R.E. Rule 104 it is clear that the judge, not the jury, makes the determination of admissibility of evidence. Once the judge makes that determination, it is a matter of argument of counsel as to the weight to be given that evidence. *See* Comment, AMI Criminal 200 (1982).

Reversed and remanded.