Ralph Henry WELTER *v.* STATE of Arkansas

CA CR 88-103                    759 S.W.2d 814

Court of Appeals of Arkansas
Division I
Opinion delivered November 16, 1988

*Lynn Frank Plemmons*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case pled guilty to a charge of terroristic threatening on June 25, 1987, and was sentenced to five years probation. The terms of the appellant's probation require him to undergo a full course of treatment at the Gyst House in Little Rock, and stay at that

facility for one year or until he completed the program. The State subsequently filed a petition to revoke the appellant's probation, alleging that the appellant failed to comply with the condition relating to the Gyst House, and that he had additionally violated his probation by committing the offenses of criminal trespass and third-degree battery. After a hearing held on October 14, 1987, the trial court found that the appellant had violated the terms of his probation, and issued an order revoking the appellant's probation. From that decision, comes this appeal.

The appellant does not contest the trial court's finding that he violated the terms of his probation, but instead argues that the trial court erred in failing to order an examination to determine whether the appellant was competent to assist in his own defense. The record shows that the appellant was committed to the Arkansas State Hospital on January 28, 1987, for observation and examination to determine his sanity and his fitness to proceed. A psychiatric report dated March 3, 1987, diagnosed the appellant as suffering from several disorders, including adult antisocial behavior, borderline intellectual functioning, mixed substance abuse, and mixed personality disorder. The report concluded that the appellant was aware of the nature of the charges and proceedings and was capable of assisting with an attorney in the preparation of his defense.

This report, prepared for trial and delivered approximately four months before the subsequent probation revocation proceeding from which this appeal is taken, was before the trial judge at the revocation hearing. At the commencement of the hearing, the appellant's attorney informed the court that he did not believe the appellant was competent to assist in his own defense and that, although he could not say that the appellant's condition had worsened, his condition had not improved. The circuit judge stated that, although the appellant obviously had a problem and was unpredictable, the appellant had been found competent to assist in his own defense by the State Hospital report dated March 3, 1987, and that he would proceed with the revocation hearing.

The appellant contends that the trial court erred in failing to order an additional psychiatric examination under Ark. Code Ann. § 5-2-305 (1987), to determine whether he was competent

to assist in his own defense. No issue was raised below or on appeal concerning the applicability of § 5-2-305 to this type of situation.

■ The sole issue raised on appeal is whether, in these circumstances the trial court was required, *sua sponte*, to order a psychiatric examination. Under § 5-2-305, the court must suspend all further proceedings and order a psychiatric examination whenever there is reason to doubt the defendant's fitness to proceed. The issue to be resolved in the present case, then, is whether the evidence raised a reasonable doubt about the appellant's competency. *See Jacobs* v. *State*, 294 Ark. 551, 744 S.W.2d 728 (1988). In determining the existence of a reasonable doubt as to competency, it is appropriate to consider any irrational behavior exhibited by the defendant, his demeanor in the proceedings, and any prior medical opinion on competence to assist in his defense. *Id.*

■ The trial judge considered the psychiatric examination report prepared for trial, which diagnosed the appellant as suffering from various mental disorders but found him capable of assisting in his own defense. Although approximately four months had elapsed between the trial date and the revocation hearing, there was no allegation that the appellant's mental condition had changed: instead, defense counsel merely stated that his client's condition had apparently neither worsened nor improved. Unsupported representations of incompetency by defense counsel have been held insufficient to raise the requisite reasonable doubt as to competence. *Collins* v. *Housewright*, 664 F.2d 181 (8th Cir. 1981). Although the appellant's testimony was, at times, rambling and disjointed, his behavior was not inconsistent with the diagnosis contained in the psychiatric report. The circuit judge expressed knowledge of the appellant's condition and had the opportunity to observe his demeanor and behavior at the hearing. In the absence of any allegation that the appellant's mental condition had changed or evidence specifically contradicting the finding of competence in the psychiatric report, we hold that the trial court did not err in failing to order an additional psychiatric examination.

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.