Derrick Dewayne GILBERT *v.* STATE of Arkansas

CR 91-223                                    823 S.W.2d 875

Supreme Court of Arkansas
Opinion delivered January 27, 1992

*William L. Wharton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Melissa K. Rust*, for appellee.

DAVID NEWBERN, Justice. The issue in this case is whether the appellant, Derrick Dewayne Gilbert, should have been

evaluated a second time to determine his mental competency to stand trial. The issue arose because shortly before he was to be tried Gilbert appeared to his counsel to be unable to communicate. Gilbert admitted at the trial that he had been faking mental illness. The Trial Court was unpersuaded of the necessity of a second psychiatric evaluation. We affirm the judgment.

Gilbert, an habitual offender, was charged with kidnapping, aggravated robbery, theft of property, theft by receiving, and being a felon in possession of a firearm. The evidence showed that he and an accomplice forced 17-year-old Robert Jason Walton to drive them from a mall parking lot at gunpoint and then stole his wallet and the automobile he was driving. Walton was released some five miles from the scene of the kidnapping. At least one shot was fired, either at Walton or to scare him, upon his release.

Walton described his assailants to the police, and Gilbert was apprehended in the act of entering the stolen automobile a few days later. Gilbert pleaded not guilty by reason of mental disease and was committed to the State Hospital for observation. The resulting report stated he was competent and that he had made and was capable of making suicidal gestures to avoid incarceration.

After the case was set for trial Gilbert's first attorney withdrew. New counsel visited with Gilbert the day before trial and observed him to be incapable of communication. A supplemental commitment on the basis that Gilbert was unable to assist in his own defense was requested.

A hearing was held to determine whether further evaluation was required. Gilbert's attorney and a fellow attorney who was with him at the jail testified of their observations, their efforts to communicate with Gilbert and his apparent inability to communicate with them due to his mental state. Gilbert testified he could not remember his date of birth, what he was charged with, or the incident which gave rise to the charges. He also testified about drugs he was taking for his mental illness and the fact that he had seen psychiatrists all his life.

The State introduced testimony of a deputy prosecutor that Gilbert had previously been incarcerated with another prisoner who faked mental illness and had inspired Gilbert to do so on a

previous occasion to avoid trial and incarceration.

■■ There was no error. When Gilbert's counsel stated to the Court his reasons for thinking further mental evaluation was needed, a hearing was held. Gilbert contends the Court had thus made a finding that proceedings were to be suspended because, in the words of Ark. Code Ann. § 5-2-305(a)(2) (Supp. 1991), "there [was] reason to doubt his fitness to proceed." He contends the Statute required the Court, after making that finding, to send him for further psychiatric evaluation. In our view, the Court had made no such finding at that point. The purpose of the hearing was to determine whether such a finding was appropriate. The Court's remarks show that Gilbert had failed to demonstrate he was anything other than a malingerer. It was proper for the Court to consider the prior medical opinion. *Jacobs* v. *State*, 294 Ark. 551, 744 S.W.2d 728 (1988).

■ Obviously, there is a very fine line between the determination which must be made by a trial court that there is "reason to doubt" an accused's fitness to proceed and the determination of competency which must be made by medical authorities after a court has determined "reason to doubt." In the circumstances of this case, it seems clear the "reason to doubt" determination was being made. Given Gilbert's subsequent admission of deceit, we can hardly find prejudice in the Court's conclusion that no further evaluation was needed.

Affirmed.