2011 Ark. 393

**Serafin SANDOVAL–VEGA, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–389.**

Supreme Court of Arkansas.

Sept. 29, 2011.

See also, 2011 WL 2062328.

Serafin Sandoval-Vega, pro se appellant.

Dustin McDaniel, Att'y Gen., by: Deborah Nolan Gore, Ass't Att'y Gen., for appellee.

PER CURIAM.

Appellant Serafin Sandoval–Vega entered a guilty plea to capital murder, and the Benton County Circuit Court sentenced him to life imprisonment without parole. Appellant filed a timely, verified petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2011) that was denied without a hearing. On appeal of that order, appellant contends that the trial court should have held a hearing on the petition and that it made a number of other errors regarding his claims for relief. Appellant's petition was clearly without merit, with the exception of one issue that he raised. We accordingly affirm as to the remaining issues and reverse and remand for the trial court to provide written findings in accord with our rules for the single meritorious issue.

Where no hearing is held on a Rule 37.1 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief. *Davenport v. State,* 2011 Ark. 105, 2011 WL 835180 (per curiam); *see also* Ark. R.Crim. P. 37.3. In this case, the court's order did not provide sufficient findings for our review as to some of the issues raised by the petition. This court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can conclusively determine from the record, or the face of the petition, that the allegations in the petition are without merit. *Marks v. State,* 2011 Ark. 324, 2011 WL 3930382 (per curiam).

Appellant was to be tried with his codefendant, Manuel Enrique Camacho, who entered a guilty plea on the same charge at the same time as appellant. This court has previously examined the record concerning Mr. Camacho's appeal of the denial of his petition for postconviction relief, and we considered a number of the same claims that appellant raised in his petition. *See Camacho v. State,* 2011 Ark. 235, 2011 WL 2062328 (per curiam). The basis for appellant's claims in his petition were largely the same as Mr. Camacho's, with some varied arguments. Appellant raised claims that his charges should have been dismissed for a speedy-trial violation, that he was denied counsel because the Mexican consulate was not informed upon his arrest, that he was not found competent to stand trial, that his guilty plea was coerced, that the prosecution withheld evidence, and that his counsel was ineffective. Appellant alleged that counsel was ineffective because he did not perform sufficient investigation, did not provide an interpreter, did not have results from a medical examination entered of record, pressured appellant to accept the plea, and failed to file a motion for dismissal on the basis of a speedy-trial violation.

Appellant's petition raised a number of claims, as did Mr. Camacho's, that were not cognizable because he entered a guilty plea. With the exception of certain issues concerning sentencing, cognizable claims in those circumstances are limited to those asserting that the petitioner's plea was not entered intelligently and voluntarily upon advice of competent counsel. *Id.; see also Gonder v. State,* 2011 Ark. 248, 382 S.W.3d 674 (per curiam); *Polivka v. State,* 2010 Ark. 152, 362 S.W.3d 918. Those challenges that are direct challenges and that are not a fundamental claim that would render the judgment void, such as appellant's allegations of a speedy-trial violation and prosecutorial misconduct, are simply not cognizable in

any Rule 37.1 proceeding. *Camacho v. State*, 2011 Ark. 235, at 1, 2011 WL 2062328; *see also Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Appellant's argument concerning consular notification mirrored Mr. Camacho's and, for the same reasons, was likewise a claim of improper notice that should have been raised on direct appeal rather than a denial-of-counsel issue. As a result, the claim did not support postconviction relief.

■ Appellant's allegations in the petition that he was pressured into his plea, both those raised as a direct challenge and those raised concerning ineffective assistance, did not provide a factual basis that rose to the level of coercion. Appellant complained that his difficulty with the language, the public sentiment toward the case, and his isolation from his family contributed to his decision to take the plea offer. He asserted that counsel told him that he would get the death penalty if he went to trial, described the harsh conditions on death row, pressured his family, and told him that he did not have time to discuss the plea offer with his mother. The pressures that appellant described, however, do not raise to the level of coercion. As further discussed below, appellant was sufficiently fluent in the English language, and neither the difficulties of his situation as described nor his attorney's advising appellant of a potentially unfavorable outcome at trial constitute coercion. *See Johnson v. State*, 2009 Ark. 541, 2009 WL 3681861 (per curiam).

■ Appellant also asserted counsel was ineffective for failing to investigate, but the petition did not provide facts concerning evidence or information that counsel could have discovered that raised a reasonable probability that appellant would not have pled guilty. Where the judgment was based on a guilty plea, a petitioner claiming ineffective assistance of counsel must demonstrate prejudice by showing that there was a reasonable probability that, but for counsel's alleged error, the petitioner would not have pled guilty and would have insisted on going to trial. *See Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam). An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the appellant did the act charged. *Herron v. State*, 2011 Ark. 71, 2011 WL 573834 (per curiam). He must allege some direct correlation between counsel's alleged deficient behavior and the decision to enter the plea. *Id.* Appellant's claims failed to demonstrate the requisite prejudice, because appellant did not demonstrate that counsel would have discovered evidence through further investigation that presented a reasonable probability that appellant would not have entered the plea.

■ Appellant contended his attorney was ineffective for failing to provide an interpreter. He asserted that he was prejudiced by the absence of an interpreter, and his understanding of the English language played a part in other issues as well. The record, however, does not support that claim.

The trial court took evidence concerning appellant's attendance and performance in public school, including the testimony of a teacher in subjects taught for students with English as a second language. Although the teacher expressed some difficulties that appellant continued to have with the language, appellant tested as having what could be considered as at least a fair level of proficiency and good listening skills, and, by his own admission, he had been in this country for four years. The trial court specifically held at a suppression hearing that appellant understood English. The recording of appellant's state-

ment supports the court's finding on that point. Moreover, the record indicates that an interpreter was present for at least some hearings and that key documents had been provided in both languages. Appellant did not demonstrate prejudice as to this point.

■ Appellant's claim of ineffective assistance based upon his allegation that counsel failed to file a motion to dismiss for a speedy-trial violation fails for the same reasons as his codefendant's comparable claim. Appellant did not demonstrate prejudice as to this claim, because he did not establish in his petition that counsel could have filed a successful motion on that basis, and trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). As we noted in our prior opinion, the record in this case demonstrates excluded periods sufficient for the relevant time, and appellant's petition advanced no arguments upon which counsel might have based a successful motion on that basis. *Camacho v. State*, 2011 Ark. 235, at 4, 2011 WL 2062328.

■ Appellant's final claim of ineffective assistance concerns counsel's failure to have a court-ordered mental evaluation entered of record. Appellant did not demonstrate prejudice as to the claim, because he did not provide information concerning the contents of that report or explain how its entry into the record would have changed his decision to enter a plea. He did not demonstrate that the report, regardless of the fact that it was not entered into the record, would [6]have impacted his decision or counsel's recommendation concerning the plea agreement.

■ The report, however, is also crucial to appellant's claim that he was not competent and should not have been forced to enter a guilty plea as if he had been found competent to proceed. As to that claim, we cannot determine from the record that the claim was without merit. The court provided no ruling on this issue and, therefore, no written findings. The record simply does not provide information that would allow this court to affirm denial of postconviction relief on the issue of whether or not the trial court exceeded its jurisdiction by accepting appellant's plea without a competency hearing.[1] Unlike the situation in his codefendant's case, in this case appellant's competency had been placed at issue, and the record does not disclose any adequate resolution to establish the trial court's jurisdiction to accept the plea.

Appellant's attorneys indicated that they would pursue a defense of mental disease or defect. The trial court had, at that point, a statutorily mandated obligation to have an evaluation of appellant's competency under Arkansas Code Annotated section 5-2-305 (Supp.2009), as then in effect.[2] Rather than ordering the mandated evaluation, the trial court permitted appellant's attorneys to engage an independent psychologist to evaluate him—possibly to permit the attorneys to assess whether to pursue the defense or explore the possibility of potential [7]mitigation evi-

---

1. The State contends that we should affirm because appellant failed to state a cognizable claim and received no ruling on the issue. As already noted, the court had an obligation to provide findings of fact and law on all issues raised in the petition because no hearing was provided, and, while minimally stated, appellant's claim that he was not competent and should not have been forced to proceed as if he had been found competent is essentially a direct assertion that he did not enter his plea intelligently.

2. Act 991 of 2011 amended portions of the statute.

dence. Early on, counsel brought to the court's attention the fact that this independent psychologist had raised an issue concerning whether appellant was retarded.

The psychologist did not provide a formal report, and he never provided an assessment of appellant's competency to stand trial. He did provide an affidavit on the record stating that he could not render a formal report because he did not have access to data needed to provide a professional opinion on whether appellant fell within the legal definition of retarded as defined by Arkansas law. He also advised that he thought it likely, however, that appellant did come within the set parameters, and he provided the test results and data that were the bases for his belief.

When the issue of retardation was first raised, the court found it "necessary to suspend these proceedings." The court did not order an evaluation at the State hospital at that time or order the private psychologist to conduct an evaluation and provide a report. Much later, the court did enter an order for a State-hospital evaluation. There was, however, no discussion on the record concerning the reason for the order concerning appellant, aside from a brief reference by the prosecutor to the fact that he was preparing a draft of the order and an indirect reference to the independent psychologist's being unable to provide a report. The order did specifically direct an evaluation of appellant "to determine his capacity to understand the proceedings against him and to assist effectively in his own defense."

Unlike Mr. Camacho's defense counsel, appellant's counsel did not abandon pursuit of a mental-disease-or-defect defense. In fact, shortly before voir dire began, counsel sought a continuance in order to gather more data to support such a defense. By statute, appellant's ⌊8competency had been placed in issue, and there is no indication

in the record that the matter of appellant's competency had been settled sufficiently for the trial court to continue with the proceedings and accept the plea. Because the defense of mental disease or defect had been raised, under the applicable statute, the trial court was required to suspend the proceedings until an appropriate evaluation was conducted. Ark.Code Ann. § 5–2–305(a). The statute requires the individual performing the examination to file the report with the circuit clerk. Ark.Code Ann. § 5–2–305(f)(1). Until that has been done, the evaluation is not complete. *See Romes v. State*, 356 Ark. 26, 144 S.W.3d 750 (2004).

The issue that appellant presented in his petition was whether the trial court acted inappropriately and exceeded its jurisdiction in taking the plea before the questions about appellant's competency were resolved. *See Smith v. Fox*, 358 Ark. 388, 193 S.W.3d 238 (2004). The failure to order an examination under the statute and, if warranted by the resulting report, to conduct a determination of fitness to proceed is reversible error. *Jacobs v. State*, 294 Ark. 551, 744 S.W.2d 728 (1988). The judgment may have been illegal; it was, nevertheless, not void unless appellant was not competent to enter his plea. *Id.* (This court reversed, rather than vacated, the judgment where the trial court failed to conduct the appropriate evaluation.) Although the defendant is not fit for trial and the court does not have authority or jurisdiction to proceed, the trial court does not entirely lose subject-matter jurisdiction of the case during the time that a defendant is incapacitated. *See Mauppin v. State*, 309 Ark. 235, 831 S.W.2d 104 (1992).

Appellant's competency to proceed was not a question resolved on the record before us. The issues that were raised by counsel concerning a defense and

retardation are separate and distinct from the issue of capacity to stand trial. *Miller v. State*, 2010 Ark. 1, 362 S.W.3d 264. While it was clear from the record that, up until shortly before the plea agreement was reached, counsel actively sought to obtain a report from the independent psychologist, it is not clear whether counsel would have contested a determination that appellant was fit for trial. No hearing on mental fitness is necessary if a mental evaluation is undertaken and neither party contests the evaluation. *Davis v. State*, 375 Ark. 368, 291 S.W.3d 164 (2009). Even if counsel would have contested an evaluation that concluded that appellant was competent to stand trial, appellant could not demonstrate prejudice if he received a full and fair determination on the issue of his competency in a Rule 37.1 proceeding. *See Campbell v. Lockhart*, 789 F.2d 644 (8th Cir.1986). Appellant, however, did not receive a hearing on his Rule 37.1 petition, and the issue of his competency remains open.

In sum, we cannot determine whether there were any results of the mental evaluation of which the parties or the court may have been made aware, whether those results were contested, or whether there was any other resolution settling the issue of appellant's competency to proceed and enter his plea. As a consequence, we cannot say that the challenge to the judgment raised in appellant's petition concerning his competency—and the resulting issue of the trial court's jurisdiction to accept his plea—appears on the record now before us to be without merit. Accordingly, we reverse as to this issue only and remand to the trial court for new proceedings to provide a ruling and findings on that single issue.[3]

Affirmed in part and reversed and remanded in part.

---

3. We note that, as with any other new proceeding, should the trial court rule adversely, appellant may appeal that adverse decision.