SLIP OPINION



Cite as 2013 Ark. 314

# SUPREME COURT OF ARKANSAS

No. CR–12–242

| | | |
|---|---|---|
| | | **Opinion Delivered** September 5, 2013 |
| RUSTY MEEK | APPELLANT | PRO SE MOTION FOR BELATED APPEAL [JACKSON COUNTY CIRCUIT COURT, 34CR-09-36, HON. HAROLD S. ERWIN, JUDGE] |
| v. | | |
| STATE OF ARKANSAS | APPELLEE | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 2010, appellant Rusty Meek pled guilty to possession of a controlled substance with intent to deliver (methamphetamine), possession of a controlled substance (hydrocodone), and possession of drug paraphernalia with intent to use. He was sentenced as a habitual offender, and an aggregate sentence of 240 months' imprisonment was imposed along with an additional 120 months' suspended imposition of sentence.

Appellant subsequently filed in the circuit court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010) and a motion for production of the transcript at public expense. The petition and motion were denied by the circuit court without a hearing. Appellant timely filed a notice of appeal from the order, but he did not tender the record to this court within ninety days of the notice of appeal as required by Arkansas Rule of Appellate Procedure–Criminal 4(b) (2012).[1] Appellant has filed in this court a pro se motion for belated appeal. Because the notice of appeal was

---

[1]The record was tendered 456 days after the notice of appeal was filed.

timely, we treat the motion as a motion for rule on clerk pursuant to Arkansas Supreme Court Rule 2-2(b) (2010) to perfect the appeal rather than as a motion for belated appeal. *Wilmoth v. State*, 2010 Ark. 315 (per curiam).

Notwithstanding, we need not consider appellant's grounds for rule on clerk because it is clear from the record that he could not prevail on appeal if the motion were granted. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Denson v. State*, 2013 Ark. 209 (per curiam). A review of the Rule 37.1 petition and the order reveals no error in the circuit court's denial of the petition because the claims for postconviction relief advanced by appellant were either not cognizable claims in postconviction proceedings or conclusory in nature and without factual substantiation sufficient to establish a meritorious claim for postconviction relief.

At the outset, we note that this court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam).

In the Rule 37.1 petition, appellant presented three grounds for relief and alleged that he was entitled to an evidentiary hearing.[2] Rule 37.3 provides for summary disposition of

---

[2]Appellant alleged ineffective assistance of counsel, prosecutorial misconduct, lack of diligence on the part of his trial counsel, and denial of a speedy trial. We will address the lack-of-diligence and ineffective-assistance-of-counsel claims together.

SLIP OPINION

petitions where it can be conclusively shown on the record or on the face of the petition that the allegations have no merit. *Daniels v. State*, 2013 Ark. 208 (per curiam). Because we determine that the allegations in appellant's petition were without merit, the circuit court did not err in summarily denying the petition.

Two of the grounds asserted in the petition—allegations of prosecutorial misconduct and a speedy-trial violation—were not cognizable claims in a Rule 37.1 proceeding because appellant entered a guilty plea. When a judgment is entered on a plea of guilty, with the exception of certain issues concerning sentencing, the only claims cognizable in a Rule 37.1 proceeding are those asserting that the petitioner's plea was not entered intelligently and voluntarily or that it was entered without effective assistance of counsel. *Thacker v. State*, 2012 Ark. 205 (per curiam); *Scott v. State*, 2012 Ark. 199, ___ S.W.3d ___; *Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam). Here, appellant alleged in the petition that the prosecutor engaged in harassing and intimidating interrogation tactics of a potential defense witness and that he was denied a speedy trial as a result of counsel's requests for two continuances. Because appellant failed to demonstrate that his plea was not entered intelligently and voluntarily or that he entered the plea without effective assistance of counsel, his claims were not cognizable.

Moreover, allegations of prosecutorial misconduct and a speedy-trial violation are claims of trial error and are not cognizable in a Rule 37.1 petition. *Scott*, 2012 Ark. 199, ___ S.W.3d ___ (claims of prosecutorial misconduct are not cognizable in Rule 37.1 proceedings); *Sandoval-Vega*, 2011 Ark. 393, 384 S.W.3d 508 (claims of prosecutorial misconduct and of

3

speedy-trial violations are not cognizable in Rule 37.1 proceedings). Such claims of trial error, even those of a constitutional dimension, must be raised at trial and on appeal.[3] *Watson v. State*, 2012 Ark. 27 (per curiam).

Appellant's remaining grounds for relief alleged that counsel was ineffective on the basis that counsel failed to "exercise reasonable diligence and skill," only allowed attorney-client contact on court dates, and breached the attorney-client privilege by "divulging confidential information" to the prosecutor.[4]

In an appeal from a circuit court's denial of a petition for postconviction relief under Rule 37.1, the sole question presented is whether, based on the totality of the evidence, the circuit court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hickey*, 2013 Ark. 237, ___ S.W.3d ___. Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance of counsel must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id*. A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness. *Dansby v. State*, 347 Ark. 674, 66 S.W.3d 585 (2002). In doing

---

[3]Except where the defendant enters a conditional plea of guilty pursuant to Arkansas Rule of Criminal Procedure 24.3(b) (2012), no appeal shall be taken from a judgment entered on a plea of guilty. Ark. R. App. P.–Crim. 1(a) (2012).

[4]Specifically, appellant asserted that counsel gave information to the prosecutor regarding a potential witness and trial strategy; however, appellant failed to specify what information was shared with the prosecutor or to provide factual substantiation for this claim.

SLIP OPINION

so, the petitioner must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Harrison*, 2012 Ark. 198, ___ S.W.3d ___. The petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam).

With respect to the second prong of the test, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. To establish prejudice and prove that he was deprived of a fair trial due to ineffective assistance of counsel, a petitioner who has pled guilty must demonstrate a reasonable probability that, but for counsel's errors, he would not have entered a guilty plea and would have insisted on going to trial. *Scott*, 2012 Ark. 199, ___ S.W.3d ___. A petitioner who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, as the plea rests upon an admission in open court that the petitioner did the act charged. *Id*. A petitioner under Rule 37.1 must allege some direct correlation between counsel's deficient behavior and the decision to enter the plea. *Id*. The burden is entirely on a petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support a claim of prejudice. *Thompson v. State*, 2013 Ark. 179 (per curiam). Conclusory statements cannot be the basis of postconviction relief. *Id*.

Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process rendering the result unreliable. *Springs v. State*,

5

2012 Ark. 87, 387 S.W.3d 143. There is no reason for a court deciding an ineffective-assistance-of-counsel claim to address both components of the *Strickland* standard if the petitioner makes an insufficient showing on one of the prongs. *Id*. (citing *Strickland*, 466 U.S. at 697).

Here, appellant failed to demonstrate the requisite prejudice that, but for counsel's alleged errors, he would not have pled guilty and would have demanded a trial. Moreover, appellant's claims of counsel's ineffectiveness are conclusory, as he did not provide any factual substantiation in support of his allegations.

Finally, we find no error in the circuit court's denial of appellant's motion for production of the transcript at public expense. Appellant alleged in the motion that he was indigent and that the transcript was necessary to prove his allegations that counsel requested a continuance, that counsel made "disgruntled remarks" regarding payment of fees,[5] that counsel "harbored hidden animosity" toward appellant, and that the prosecutor engaged in prosecutorial misconduct, which appellant contends will further prove that counsel breached the attorney-client privilege. Appellant did not state a ground to warrant production of the transcript at public expense. Indigency alone does not entitle a petitioner to free photocopying. *Koontz v. State*, 2013 Ark. 181 (per curiam). To be entitled to a copy of the transcript at public expense, a petitioner must show a compelling need for the transcript to support a specific allegation contained in a timely petition for postconviction relief. *Id*. The allegations contained in appellant's petition for postconviction relief were either not

---

[5]The record reflects that appellant was represented by a public defender.

cognizable claims in a Rule 37.1 proceeding or did not demonstrate the requisite prejudice required to support a claim of ineffective assistance of counsel, and nothing contained in the transcript will transform appellant's allegations into proper Rule 37.1 claims. Therefore, we are satisfied that the circuit court did not err in denying the motion for transcript.

Appeal dismissed; motion moot.


*Rusty Meek*, pro se appellant.

No response.