

Cite as 2013 Ark. 455

# SUPREME COURT OF ARKANSAS

No. CR-13-517

JAMES E. GREEN, JR.
    APPELLANT

v.

STATE OF ARKANSAS
    APPELLEE

**Opinion Delivered**    November 7, 2013

PRO SE MOTION FOR REPORT ON STATUS OF APPEAL; MOTION FOR APPOINTMENT OF COUNSEL; MOTIONS FOR EXTENSION OF TIME TO FILE REPLY BRIEF; MOTIONS FOR INVESTIGATION INTO PRO SE INMATES ACCESS TO THE COURTS; MOTION TO COMPEL STATE TO USE PROPER COMMUNICATION AND CORRESPONDENCE; MOTION FOR INJUNCTIVE RELIEF; MOTIONS TO EXPEDITE APPEAL; MOTION TO REQUEST ADDITIONAL JUSTICE SLOTS; AMENDED MOTION FOR ALL STATE ACTORS TO SHOW RESTRAINT; MOTION FOR MEDIA ACCESS; MOTION FOR EQUAL TREATMENT AND EQUAL PROTECTION [DREW COUNTY CIRCUIT COURT, 22CR-10-106, HON. RANDY WRIGHT, JUDGE]

ORDER AFFIRMED; MOTIONS MOOT.

**PER CURIAM**

On December 1, 2011, judgment was entered reflecting that appellant James E. Green, Jr., had been found guilty of failure to comply with registration and reporting requirements applicable to sex offenders and with residing within 2000 feet of a daycare facility as a level-4 sex offender. He was sentenced as a habitual offender to serve a total sentence of 540 months'

SLIP OPINION

imprisonment in the Arkansas Department of Correction. Holding that there was sufficient evidence to support a finding that appellant lived in a particular trailer at an address within 2000 feet of a daycare facility without reporting a change in address, the Arkansas Court of Appeals affirmed. *Green v. State*, 2013 Ark. App. 63. A petition for review was filed in this court on February 25, 2013. The petition was denied by per curiam order on April 24, 2013, and the mandate issued on that date.

On March 1, 2013, after the judgment had been affirmed and while the petition for review was pending, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial court denied the petition without a hearing on March 17, 2013, prior to the mandate being issued. Because the trial court did not regain jurisdiction until the mandate issued, we dismissed the appeal of the premature order without prejudice. *Green v. State*, 2013 Ark. 190 (per curiam). On May 13, 2013, the trial court, in an amended order, again denied the Rule 37.1 petition without a hearing, and appellant has lodged an appeal in this court. Both appellant and the State have filed timely briefs. Now before us are a number of motions filed by appellant. As it is clear from the record and the petition that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motions are moot.

Where no hearing is held on a Rule 37.1 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief. *Riley v. State*, 2011 Ark. 394 (per curiam); *Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam); *Camacho v. State*, 2011 Ark. 235 (per curiam); *Davenport v. State*, 2011 Ark. 105 (per

curiam); *see also* Ark. R. Crim. P. 37.3. This court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can determine from the record that the petition was wholly without merit or that the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Riley*, 2011 Ark. 394; *Sandoval-Vega*, 2011 Ark. 393, 384 S.W.3d 508; *Davenport*, 2011 Ark. 105. While the trial court's order denying relief without a hearing provided some findings, not all issues raised in the petition were addressed adequately. Because we determine from the record that the petition was wholly without merit, we affirm the denial of the petition.

In the petition, appellant raised a number of claims stemming from the State's introduction of the Risk Assessment and Offender Profile Report (the Report) into evidence during the sentencing phase at trial. He contended that counsel rendered ineffective assistance in failing to object to the introduction of the Report; that the State's introduction of the Report constituted prosecutorial misconduct; and that the introduction of the Report amounted to double jeopardy and was a violation of his right to due process. Appellant also claimed that counsel was ineffective for not moving for directed verdict as to the charge of residing within 2000 feet of a daycare facility, for failing to request a change in venue, for failing to request a special prosecutor,[1] and for failing to raise the "unforeseen circumstances" defense. He alleged prosecutorial misconduct on the basis that he was "selectively" and maliciously prosecuted even though the State was aware that there was not sufficient evidence to convict him of the charged

---

[1]In his petition, appellant provides no support in fact or law for his allegations that counsel was deficient for not moving for directed verdict as to the charge of residing within 2000 feet of a daycare facility, for failing to request a change in venue, and for failing to request a special prosecutor. Accordingly, we do not consider these claims on appeal.

SLIP OPINION

SLIP OPINION

crimes. Finally, he claimed that the trial court abused its discretion in denying his motion for directed verdict due to its prejudice against him.[2] The trial court denied the petition, finding that appellant was not entitled to relief based on claims arising from the introduction of the Report on the basis that the court of appeals had addressed its admissibility on direct appeal such that it was not an issue for postconviction relief. The trial court further found that counsel's decision not to object to the admissibility of the Report was a decision based on strategy and was not prejudicial to appellant because the Report was not introduced until the sentencing phase of the trial. The trial court did not address the remaining issues raised in the petition.

When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Stevenson v. State*, 2013 Ark. 302 (per curiam); *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not

---

[2]Because arguments raised for the first time on appeal could not have been considered by the trial court, they will not be addressed by this court. *Williams v. State*, 2013 Ark. 375 (per curiam). Issues raised for the first time on appeal are not grounds to reverse a trial court's order. *Id.* Accordingly, we do not consider any argument raised by appellant for the first time on appeal.

SLIP OPINION

functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Stevenson*, 2013 Ark. 302; *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Stevenson*, 2013 Ark. 302. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his petition, appellant argued that he received ineffective assistance because counsel failed to object to the introduction of the Report, which was prepared by the Arkansas Department of Correction to assess a sexual offender's community-notification level. The Report describes appellant's criminal history, including details of his prior convictions and a charge of rape for which he was found not guilty; provides a report of an interview with appellant; and addresses factors used in determining appellant's classification as a level-4 sex offender with references to his history of violence that included the use of weapons. Prior to admitting the Report into evidence during the sentencing phase of trial, the trial court asked counsel if he had any objections to the document, and counsel responded that he did not.[3] On direct appeal, appellant did challenge the admission of the Report. However, contrary to the finding of the trial court in its order denying the petition, the court of appeals did not address the issue because it was raised for the first time on appeal. *Green*, 2013 Ark. App. 63.

Arkansas Code Annotated section 12-12-918(a)(2)(C) (Repl. 2009) provides that the Report "shall not be admissible for purposes of sentencing." Additionally, section 12-12-917(b)(4)(B) (Repl. 2009) states that a "sex offender has immunity for a statement made by him or her in the course of assessment with respect to prior conduct under the immunity provisions of section 16-43-601 et seq." Appellant contended that counsel was ineffective in failing to object to the Report because it was prejudicial and substantially affected the outcome of the trial in that it resulted in the jury sentencing him to consecutive and maximum sentences for the

---

[3]In his brief, appellant makes several references to the Report being introduced into evidence and examined by the jury during the guilt phase of the trial. According to the record, the Report was introduced into evidence and considered by the jury only during the sentencing phase of the trial.

SLIP OPINION

charged crimes. However, appellant failed to show a reasonable probability that he would have received a lesser sentence if the Report had not been introduced into evidence. During the guilt phase of the trial, evidence was introduced showing that appellant was a level-4 sex offender and that level 4 is the highest level of assessment available. During the sentencing phase, the State introduced judgment-and-commitment orders to prove appellant's status as a habitual offender, showing that appellant had been convicted of a number of previous felonies—robbery, three counts of first-degree terroristic threatening, second-degree sexual assault, and third-degree carnal abuse—as well as three counts of contributing to the delinquency of a minor, a misdemeanor. Accordingly, there was evidence to support the jury's recommended total sentence of 540 months' imprisonment on both charges. Moreover, appellant's prior offenses were made known to the jury even without the introduction of the Report. Because appellant did not show that the sentence he received would have been different if the Report had not been introduced into evidence, we do not reverse on this point.

Appellant also contended in his petition that counsel was ineffective for failing to assert the affirmative defense in Arkansas Code Annotated section 12-12-904(a)(2) (Repl. 2009), which provides, in pertinent part, that it is an affirmative defense to the charge of failure to register as a sex offender if the delay in reporting a change of address was caused by "unforeseen circumstances" and the person provides the new address to the Arkansas Crime Information Center in writing no later than five business days after the offender establishes residency. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. At trial, the defense theory was that

appellant had not changed his residence to live at the address where the trailer was located. *See Green*, 2013 Ark. App. 63. Thus, counsel could not have asserted any defense to excuse appellant's delay in reporting the change in address to the location of the trailer when appellant was claiming that he had never moved to that location.

As to appellant's allegation in his petition that there was insufficient evidence to sustain the judgment, questions pertaining to the sufficiency of the evidence are matters to be addressed at trial and on direct appeal and are not cognizable in a postconviction proceeding. *Crain v. State*, 2012 Ark. 412 (per curiam). A postconviction proceeding is not a substitute for direct appeal. *Id.* Likewise, it is not an opportunity to challenge the strength of the evidence. *Id.* Moreover, appellant raised the allegation of insufficient evidence to support his conviction on direct appeal, and his argument was rejected by the court of appeals. *Green*, 2013 Ark. App. 63.

In a related argument, appellant contended that the trial court failed to grant his motion for directed verdict due to judicial bias. Allegations of bias must be raised at trial and addressed on direct appeal. *Jones v. State*, 2009 Ark. 308 (per curiam). Further, the actions taken by the trial judge that appellant alleged were based on bias present issues of trial error, including evidentiary matters, and are conclusory and unsupported by the law or the facts. *See id.* Review of mere trial error is not sufficient to warrant granting relief under Rule 37.1. *Id.* Also, conclusory arguments provide no basis for postconviction relief. *Id.*

Appellant also summarily stated in his petition that the admission of the Report amounted to a double-jeopardy violation because it referred to a rape charge for which he was found not guilty. While a double-jeopardy claim is a fundamental claim that can be raised for the first time in a Rule 37.1 proceeding, *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000),

SLIP OPINION

appellant failed to make any argument as to how he was tried for the same offense twice. While a fundamental claim that would render the judgment in a criminal case void is grounds for relief under Rule 37.1, even fundamental claims must be supported by facts to demonstrate that a fundamental right was denied to a particular petitioner under the facts of his or her case. *Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam).

Appellant next contended that his right to due process was violated because the Report referred to the previous rape charge. This allegation of a due-process violation that is based on alleged trial error regarding the admissibility of the Report is not cognizable in Rule 37.1 proceedings. *See Davis v. State*, 2013 Ark. 118 (per curiam). Assertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal. *Watson v. State*, 2012 Ark. 27 (per curiam).

Finally, appellant claimed that he was entitled to relief based on allegations of prosecutorial misconduct due to the introduction of the Report and "selective" and malicious prosecution despite a lack of evidence. It is well settled that a claim of prosecutorial misconduct standing alone is not a ground for postconviction relief. *Cunningham v. State*, 2013 Ark. 304, ___ S.W.3d ___ (per curiam). Moreover, because the allegations are conclusory and unsupported by the law or the facts, they do not provide any basis for postconviction relief. *See Jones*, 2009 Ark. 308.

In his petition, appellant also sought an evidentiary hearing. Because the record demonstrates that appellant's petition did not set forth any meritorious claim under Rule 37.1, the trial court did not err in dismissing the petition without a hearing. *See Camacho*, 2011 Ark. 235.

> Order affirmed; motions moot.
> *James Edward Green*, pro se appellant.
> No response.