# SUPREME COURT OF ARKANSAS

**No.** CR-12-669

| | |
|---|---|
| | **Opinion Delivered**  January 16, 2014 |
| LARRY EUGENE WALDEN<br>APPELLANT | PRO SE APPEAL FROM THE<br>SEBASTIAN COUNTY CIRCUIT<br>COURT, FORT SMITH DISTRICT |
| v. | [66CR-09-676] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE J. MICHAEL<br>FITZHUGH, JUDGE |
| | REVERSED AND REMANDED. |

## PER CURIAM

In 2011, appellant Larry Eugene Walden was found guilty by a jury of aggravated robbery and sentenced as a habitual offender to a term of 720 months' imprisonment. The Arkansas Court of Appeals affirmed. *Walden v. State*, 2012 Ark. App. 307, ___ S.W.3d ___.

Subsequently, appellant timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial court denied the petition without a hearing, and appellant brings this appeal. Appellant contends on appeal that the trial court's order was inadequate, and the State in its brief concedes that the matter must be remanded for a proper order. Upon review of the order, we agree, and the order is reversed and the matter remanded to the trial court so that the court may enter an order that complies with Rule 37.3(a). If the order is adverse to appellant and appellant desires review of the order by this court, he will be required to perfect an appeal in accordance with the prevailing rules of procedure.

In the Rule 37.1 petition, appellant raised multiple allegations of ineffective assistance of counsel. The claims were either not addressed by the trial court in its order or were only superficially addressed. Where no evidentiary hearing is held on a Rule 37.1 petition, the trial court has an obligation to provide written findings specifying any parts of the files or record that are relied on to sustain conclusively the trial court's decision that the petitioner is entitled to no relief. *Moten v. State*, 2013 Ark. 503; *Riley v. State*, 2011 Ark. 394 (per curiam); *Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam); *Camacho v. State*, 2011 Ark. 235 (per curiam); *Davenport v. State*, 2011 Ark. 105 (per curiam); *see also* Ark. R. Crim. P. 37.3. This court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can determine from the record that the petition was wholly without merit or that the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Riley*, 2011 Ark. 394; *Sandoval-Vega*, 2011 Ark. 393, 384 S.W.3d 508; *Davenport*, 2011 Ark. 105. Here, it is evident that sufficient written findings by the trial court are required to conclusively show that the appellant was entitled to no relief.

Reversed and remanded.

*Larry Walden*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.