Matthew AUSTIN v. STATE of Arkansas

CR 84-167                                    697 S.W.2d 914

Supreme Court of Arkansas
Opinion delivered October 28, 1985

Pro Se Motion for Transcript at Public Expense; denied.

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Matthew Austin was found guilty of rape and sentenced to a term of 40 years imprisonment. We affirmed. *Jackson & Austin* v. *State*, 284 Ark. 478, 683 S.W.2d 606 (1985). Petitioner now seeks a copy of the transcript of his trial so that he may mount a collateral attack on the conviction on the following grounds: ineffective assistance of counsel; sufficiency of the evidence; accuracy of testimony; sufficiency of the bill of information; and failure of the prosecution to disclose exculpatory evidence. He also alleges that he is entitled to the copy of the transcript at public expense because he is indigent.

Even if a petitioner cites allegations he intends to raise in a petition for postconviction relief, he is not entitled to a copy of the trial record at public expense unless he demonstrates some reasonably compelling need for specific documentary evidence to support the allegations. *See Chavez* v. *Sigler*, 438 F.2d 890 (8th Cir. 1971). The mere fact of indigency does not entitle a petitioner to a free transcript. *See Washington* v. *State*, 270 Ark. 840, 606 S.W.2d 365 (1980). Petitioner here has not shown that he must have the trial court record in his possession before he can present to the court whatever grounds for postconviction relief he may have. Furthermore, the motion is not attached to nor incorporated into a petition for postconviction relief. *See United States* v. *Losing*, 601 F.2d 351 (8th Cir. 1979).

It should be noted that when an appeal has been lodged in either this Court or the Court of Appeals, the appeal transcript remains permanently on file with the Clerk of the Supreme Court. Counsel may check a transcript out through the Clerk's office for a period of time, and persons who are not attorneys may review a transcript in the Clerk's office and photocopy all or portions of it.

An incarcerated person desiring a photocopy of pages from a transcript may write this Court and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying.

Motion denied.

PURTLE, J., not participating.