Robert BOGARD and George Willis *v.* STATE of Arkansas

CR 91-106                                    820 S.W.2d 276

Supreme Court of Arkansas
Opinion delivered December 16, 1991

*Clyde Lee*, for appellant.

No response.

PER CURIAM. The appellant George Willis was convicted in the Circuit Court of Columbia County of possession of cocaine and sentenced to life imprisonment. His co-defendant Robert Bogard was sentenced to forty years imprisonment. Appellant's appointed attorney Clyde Lee tendered the record to this court in an untimely manner on April 10, 1991. We granted a motion for rule on the clerk in the case, and appellant's brief was due for filing June 8, 1991. When no brief was received by September 18, 1991, the clerk informed counsel by letter of the need to take some action in the case. As of this date, counsel has not tendered the brief. Appellant Willis has now filed a motion for appointment of counsel, asking that another attorney be appointed to represent him on appeal. Willis contends that counsel was angry at being appointed to the case and will not pursue the appeal seriously for that reason. He further asks that if this court declines to relieve Clyde Lee as counsel, that he be allowed to file a *pro se* supplemental appellant's brief.

The motion to relieve Mr. Lee as counsel is denied because appellant has not offered facts sufficient to demonstrate that there is a conflict of interest between him and counsel such that counsel cannot provide the effective assistance of counsel guaranteed by the Sixth Amendment. *See Strickland* v. *Washington*, 466 U.S. 668 (1984). Counsel has been directed by Per Curiam Order to appear on Monday, January 13, 1992, at 9:00 a.m. to show cause why he should not be held in contempt of this court for failure to file a timely appellant's brief in this case. If information is adduced at that proceeding which indicates that counsel cannot provide effective assistance of counsel on appeal, appellant Willis' motion will be reconsidered.

Appellant's request for permission to supplement the brief to be filed by counsel is denied as premature. If after reviewing counsel's brief when it is filed, appellant desires to supplement it, he may at that time file a motion to supplement,

citing any specific deficiency in counsel's brief. *Wade* v. *State*, 288 Ark. 94, 702 S.W.2d 28 (1986).

Motion denied.