Robert FELLOWS *v.* STATE of Arkansas

CR 91-156                                    822 S.W.2d 845

Supreme Court of Arkansas
Opinion delivered January 13, 1992

*John R. Hollis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Robert Fellows was convicted in the Circuit Court of Hempstead County of multiple counts of burglary and theft of property and sentenced to one-hundred years imprisonment. He was represented at trial by John Hollis who did not tender the record on appeal to this court in a timely manner. In July 1991 we granted a motion for rule on the clerk, noting that Hollis had admitted that the record was tendered late due to his failure to file the record in this court in accordance with the prevailing rules of procedure. *Fellows* v. *State*, 306 Ark. 257, 810 S.W.2d 338 (1991). The appellant's brief was scheduled to be filed August 10, 1991, but was not received by that date. Counsel was contacted in November and again in December about the brief, but as of this date, more than five months after the brief should have been filed, counsel has not tendered a brief or taken any other action in the case. Appellant Fellows has now filed a motion seeking to have John Hollis relieved and other counsel appointed to represent him on appeal. Appellant states that counsel has failed to communicate with him and that there is a conflict of interest because the issue of counsel's effectiveness will be raised as an issue on appeal.

The motion to relieve Mr. Hollis as counsel is denied because appellant has not offered facts sufficient to demonstrate that there is a conflict of interest between him and counsel such

that counsel cannot provide the effective assistance of counsel guaranteed by the Sixth Amendment. The issue of counsel's effectiveness at trial can be an issue on appeal only if it was properly raised in the trial court below. Appellant does not contend that the question of counsel's effectiveness was ruled on by the trial court and a cursory review of the record does not reflect that the issue was raised below. See Sumlin v. State, 273 Ark. 185, 617 S.W.2d 372 (1981). Counsel has been directed by Per Curiam Order to appear on Monday, January 27, 1992, at 9:00 a.m. to show cause why he should not be held in contempt of this court for failure to file a timely appellant's brief in this case. If information is adduced at that proceeding which indicates that counsel cannot provide effective assistance of counsel on appeal, appellant Fellows' motion will be reconsidered. See Bogard v. State, 307 Ark. 427, 820 S.W.2d 276 (1991).

Motion denied; show cause order issued.