Ronnie REED *v.* STATE of Arkansas

CR 92-41                                        840 S.W.2d 165

Supreme Court of Arkansas
Opinion delivered October 19, 1992

*Ralph M. Cloar, Jr.*, for Petitioner.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for Respondent.

PER CURIAM. The appellant was convicted of delivery of a controlled substance and sentenced to one-hundred years imprisonment. Attorneys first engaged by the appellant for his appeal asked to be relieved as counsel on February 14, 1992, stating that the appellant could no longer afford to pay them. Their appeal brief was due February 22, 1992. On February 28, 1992, James Massie moved to be substituted as attorney. That motion was granted, and the appeal brief in the case was due Saturday, May 2, 1992. On May 4, Mr. Massie asked for an extension until June 18. On June 18, Mr. Massie requested an additional fifteen days, which were granted. On July 6 he asked for an additional thirty days, and the time was extended until Sunday, August 2. The court declared this to be the final extension. On August 3, counsel tendered a motion requesting twelve more days, but on August 4 the clerk returned the motion because the time for filing a brief had elapsed and informed him of the need to file a motion for belated brief. Counsel has since filed no motion nor tendered a brief on behalf of the appellant. On September 29, 1992, the appellant filed a pro se motion to relieve Mr. Massie as his attorney, noting that Mr. Massie had not perfected the appeal and that there is a conflict of interest between him and Mr. Massie.

The motion to relieve Mr. Massie as counsel is denied because the appellant has not offered facts to demonstrate that counsel cannot provide the effective assistance of counsel guaranteed by the sixth amendment or that there is a genuine conflict of interest. Counsel is being directed by a separate Per Curiam order to appear on November 2, 1992, at 9:00 a.m. to show cause why he should not be held in contempt of this court for failure to file a timely appellant's brief in this case. If information is adduced at that proceeding which indicates that counsel cannot provide effective assistance of counsel on appeal, the appellant's motion will be reconsidered. *See Bogard* v. *State*, 307 Ark. 427, 820 S.W.2d 276 (1991).

The appellant has also filed a *pro se* motion for a copy of the transcript at public expense. He gives no reason for needing the

transcript beyond stating that he needs the transcript to show that his counsel was ineffective at trial.

■ A appellant is not entitled to a free copy of the trial record or other material on file with this court unless he demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for post-conviction relief. *See Austin* v. *State*, 287 Ark. 256, 697 S.W.2d 914 (1985); *see Chavez* v. *Sigler*, 438 F.2d 890 (8th Cir. 1971); *see also United States* v. *Losing*, 601 F.2d 351 (8th Cir. 1979). Indigency alone does not entitle an appellant to a transcript at public expense. *Washington* v. *State*, 270 Ark. 840, 606 S.W.2d 365 (1980). As the appellant here has cited no reason for requiring a copy of the trial transcript the motion is denied.

■ It should be noted that when an appeal has been lodged in either this court or the court of appeals, the appeal transcript and briefs remain permanently on file with the clerk of the supreme court. Counsel may checkout through the clerk's office, briefs and transcripts for a period of time, and persons who are not attorneys may review a transcript and briefs in the clerk's office and photocopy all or portions of them. An incarcerated person desiring a photocopy of pages from a transcript or brief may write this court and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying. *Austin*, 287 Ark. 256, 697 S.W.2d 914 (1985).

Motion denied.