## Leroy King McCOY *v.* STATE of Arkansas

CR 96-514                                       929 S.W.2d 712

### Supreme Court of Arkansas
### Opinion delivered September 30, 1996

*Herbert T. Wright, P.A.,* by: *Herbert T. Wright,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Leroy King McCoy was convicted of delivery of a controlled substance. Ark. Code Ann. § 5-64-401(a) (Supp. 1995). He was sentenced to forty years' imprisonment and fined $5,000. He was sentenced to an additional ten years' imprisonment in accordance with Ark. Code Ann. § 5-64-411(a)(1)-(2)(Supp. 1995). The sentences were ordered to be served consecutively.

Mr. McCoy was arrested after he approached an undercover police informant, who was wearing a body microphone, and asked him what he wanted. The informant indicated he wanted "a twenty," meaning twenty dollars' worth of drugs. He was told by Mr. McCoy to drop the money and drive around the block. The informant dropped twenty dollars on the ground and drove away. When he returned, Mr. McCoy indicated a styrofoam cup. The informant retrieved the cup, and it contained rock cocaine which

was turned over to police officers who had monitored the transaction.

Mr. McCoy's sole point on appeal is that the evidence was insufficient to convict him because there was no showing that he (1) possessed or controlled cocaine, (2) transferred cocaine, directly or through an agent, to the informant, or (3) received money or anything of value from the informant.

■ We decline to consider the argument because Mr. McCoy's directed verdict motion was not specific. It mentioned none of the points now being raised. Counsel only stated there was insufficient evidence without specifying the manner in which it was insufficient or the element(s) of the offense alleged not to have been proven by the State. Arkansas R. Crim. P. 33.1. provides, in part:

> . . . A motion for a directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient; a motion merely stating that the evidence is insufficient for conviction does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. . . .

We have so held in a number of cases including *Stewart* v. *State*, 320 Ark. 75, 894 S.W.2d 930 (1995), and *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994)(decision under prior Rule 36.21(b)).

Affirmed.