Terrick NOONER *v.* STATE of Arkansas

CR 94-358                                      101 S.W.3d 834

Supreme Court of Arkansas
Opinion delivered April 3, 2003

Petitioner, *pro se.*

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for respondent, on Motion to Lift Stay of Execution.

PER CURIAM. Terrick Nooner was found guilty by a jury of capital murder and sentenced to death. We affirmed. *Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995). Mr. Nooner subsequently filed in the trial court a petition pursuant to Criminal

Procedure Rule 37. The petition was denied, and the order was affirmed. *Nooner v. State*, 339 Ark. 283, 4 S.W.3d 497 (1999).

Now before us are eight *pro se* motions filed by Nooner that pertain entirely to the original appeal of the judgment of conviction, which was affirmed approximately seven years ago. Only two of the motions, the motion to lift stay of execution and the motion for a copy of the mandate issued on affirmance of the judgment, are cognizable by this court at this time. The remaining motions are dismissed inasmuch as this court no longer has jurisdiction of Mr. Nooner's case. As we are without jurisdiction to revisit the issues which were raised, or which could have been raised, in the direct appeal, our clerk is directed to file no further motions from petitioner Nooner that pertain to the direct appeal.

■ The motion to lift the stay of execution is moot because there is no stay of execution as such in effect at this time. The circuit court was obligated to vacate the stay of execution it issued when petitioner's Rule 37 petition was affirmed on appeal. *See* Ark. R. Crim. P. 37.5(g)(2). The State in its response to the motion states that it does not intend to request that the Governor set another execution date until such time as petitioner has exhausted his federal remedies.

■ ■ The motion for a copy of the mandate at public expense is denied. A petitioner is not entitled to a free copy of material on file with this court unless he or she demonstrates some compelling need for specific documentary evidence to support an allegation contained in a petition for postconviction relief. *See Austin v. State*, 287 Ark. 256, 697 S.W.2d 914 (1985). Indigency alone does not entitle a petitioner to photocopying at public expense. *Washington v. State*, 270 Ark. 840, 606 S.W.2d 365 (1980). Petitioner here has not demonstrated a compelling need for a copy of the mandate.

Motion to lift stay of execution moot; motions for copy of mandate at public expense denied; motions for other relief dismissed.