Michael Eugene BRADSHAW *v.* STATE of Arkansas

CA CR 04-510                                     275 S.W.3d 173

### Supreme Court of Arkansas
### Opinion delivered February 7, 2008

PER CURIAM. In 2003, petitioner Michael Eugene Bradshaw was found guilty by a jury of attempted first-degree murder and possession of a firearm by certain persons. He was sentenced as a habitual offender to eighty years' imprisonment. The Arkansas Court of Appeals affirmed. *Bradshaw v. State*, CACR 04-510 (Ark. App. Dec. 15, 2004).

Petitioner, who contends that he is indigent, now seeks a copy of the trial transcript lodged on appeal in order to prove his innocence.[1] There are no grounds for the request beyond the assertion that his attorney failed to turn over the transcript from the direct appeal to petitioner.

It appears that petitioner erroneously presumes that his in forma pauperis status on direct appeal obligates the state to provide him with a copy of the transcript of his trial. When a record on direct appeal is prepared at public expense, it is prepared for the purpose of perfecting the appeal. The record lodged on appeal is not the property of the appellant, and as such, petitioner has no absolute right to a personal copy of it.

Furthermore, a petitioner is not entitled to a free copy of material on file with this court unless he or she demonstrates some compelling need for certain documentary evidence to sup-

---

[1] For clerical purposes, the motion has been filed under the docket number assigned to the direct appeal of the judgment.

port an allegation contained in a timely petition for postconviction relief. *See Austin v. State*, 287 Ark. 256, 697 S.W.2d 914 (1985) (per curiam). Indigency alone does not entitle a petitioner to free photocopying. *Washington v. State*, 270 Ark. 840, 606 S.W.2d 365 (1980) (per curiam). Petitioner here has cited no specific reason for requiring the requested material and has failed to demonstrate that there is a postconviction remedy available to him.

It should be noted that when an appeal has been lodged in this court, the appeal transcript remains permanently on file with the clerk. Persons may review a transcript in the clerk's office, and photocopy all or portions of it. An incarcerated person desiring a photocopy of a transcript on file may write this court, remit the photocopying fee and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying. *Moore v. State*, 324 Ark. 453, 921 S.W.2d 606 (1996) (per curiam).

Motion denied.