SLIP OPINION



Cite as 2013 Ark. 334

# SUPREME COURT OF ARKANSAS

No. CV-11-709

| | |
|---|---|
| | **Opinion Delivered** September 19, 2013 |
| HERBERT PHILLIP MALONE<br>APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT, 40LCV-11-38, HON. JODI RAINES DENNIS, JUDGE |
| V. | |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | AFFIRMED. |

## PER CURIAM

In 1986, a jury found appellant Herbert Phillip Malone guilty of aggravated robbery, aggravated assault, and theft of property. He was sentenced as a habitual offender to an aggregate term of 348 years' imprisonment. We affirmed. *Malone v. State*, 292 Ark. 243, 729 S.W.2d 167 (1987).

In 2011, appellant, who was incarcerated at a unit of the Arkansas Department of Correction in Lincoln County, filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court.[1] The circuit court dismissed the petition, and appellant brings this appeal.

We find no error and affirm the order. A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Darrough v. State*, 2013 Ark. 28 (per curiam); *McArty v. Hobbs*, 2012 Ark. 257 (per curiam).

As grounds for the writ, appellant asserted in his petition that proper procedure was not followed when he was extradited to Arkansas after his arrest in Tennessee, and that a sentence

---

[1]As of the date of this opinion, appellant remains incarcerated in Lincoln County.

SLIP OPINION

in excess of 300 years was outside the statutory range for the offenses of which he was convicted. The same two issues are raised in this appeal.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Roberson v. State*, 2013 Ark. 75 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The Lincoln County Circuit Court correctly concluded that appellant had not stated a ground on which the writ could issue, in that appellant failed to establish that either the extradition procedure in his case or the length of the sentence rendered the judgment-and-commitment order invalid on its face or deprived the trial court of jurisdiction to enter the judgment.

The burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" he is illegally detained. *Id.* at 221, 226 S.W.3d at 798–99.

We first note that this court has addressed appellant's argument concerning the length of his sentence previously. Appellant contended in a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1986) that the sentence was excessive. We held that, while the claim was cognizable under the Rule, it had no merit:

> The jury was accurately instructed that since petitioner was a habitual offender with more than four prior felony convictions, he was subject to an extended term of imprisonment

SLIP OPINION

for aggravated robbery of "not less than forty (40) years nor more than life." Ark. Stat. Ann. § 41–1001.2(a) (Supp. 1985). A sentence of "more than life" under our statutes would be life without the possibility of parole or death, the only penalties more severe than life in prison. There is no provision under Arkansas law or the United States Constitution which prohibits a sentence of a term of years which exceeds the usual life span of human beings.

*Malone v. State*, 294 Ark. 127, 130–31, 741 S.W.2d 246, 248 (1987) (per curiam). This court also considered, and rejected, the argument that a sentence in excess of the ordinary life span of human beings is illegal when appellant raised it in a prior habeas appeal lodged in 1997. *Malone v. State*, CR-97-656 (Ark. Feb. 2, 1998) (per curiam).

The law-of-the-case doctrine dictates that an issue raised and concluded in a prior appellate decision may not be revisited in a subsequent appeal, as the matter becomes res judicata. *Kelly v. Norris*, 2013 Ark. 90 (per curiam) (citing *Mosley v. Norris*, 2010 Ark. 501 (per curiam)). If the merits of the claim were addressed, and the claim was adjudicated, resolution of that issue is settled. *Id.* As this court has already held that the length of the sentence imposed on appellant did not render the sentence illegal, the issue will not be addressed again in this appeal.

With respect to appellant's claim that the extradition procedure in his case was flawed, appellant did not claim that there was a valid question raised as to his identity as the person being sought by the Arkansas authorities, and he did not establish by affidavit or other means that there was probable cause to find that some flaw in the extradition process deprived the circuit court of either subject-matter or personal jurisdiction. Any argument appellant desired to raise concerning his extradition could have been argued to the Tennessee court before extradition. *See* Uniform Criminal Extradition Act, Tenn. Code Ann. §§ 40-9-101, et seq.

(formerly § 40-1001, *et seq.*) Tennessee Code Annotated section 40-9-119 (formerly section 40-1020) provides that a habeas hearing to determine the validity of an extradition would take place in the Tennessee court prior to extradition.

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Reed v. Hobbs*, 2012 Ark. 61 (per curiam); *Anderson v. State*, 2011 Ark. 35 (per curiam); *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id.* Appellant placed himself in the jurisdiction of the Pulaski County Circuit Court by committing a criminal offense in that county, and the circuit court did not err in declining to issue a writ of habeas corpus releasing him from custody based on the assertions concerning the extradition process.

Because appellant failed to state a claim sufficient to warrant issuance of a writ of habeas corpus, he did not meet his burden of demonstrating that his petition had merit. Therefore, the order is affirmed.

Affirmed.

*Herbert Phillip Malone*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.