

# ARKANSAS SUPREME COURT

No. CR-12-190

| | |
|---|---|
| | **Opinion Delivered** October 31, 2013 |
| GILBERTO MARTINEZ-MARMOL<br>PETITIONER | PRO SE MOTION FOR COPIES AT PUBLIC EXPENSE AND OTHER RELIEF [WASHINGTON COUNTY CIRCUIT COURT, 72CR-10-1599] |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | MOTION DENIED. |

## PER CURIAM

In 2012, petitioner Gilberto Martinez-Marmol was found guilty of three counts of rape. He was sentenced to an aggregate term of 300 months' imprisonment. The Arkansas Court of Appeals affirmed. *Martinez-Marmol v. State*, 2013 Ark. App. 243.

On July 1, 2013, petitioner filed the instant motion, seeking at public expense a copy of the appellant's brief and the "state's reply brief, or, mandate issued by the state" from the direct appeal of the judgment. Petitioner appended his affidavit of indigency to the motion. He also seeks from this court an extension of time to file a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012).

As grounds for the request for the copies, petitioner states that he must rely on a fellow prison inmate for assistance because he cannot speak or read English. He contends that it is the inability to speak English that gives rise to the request that this court grant him an extension of sixty days' time to file a petition under Rule 37.1.

Indigency alone does not entitle a petitioner to free copying of any material on file with

this court. *See Mendiola v. State*, 2013 Ark. 92 (per curiam); *see also Daniels v. State*, 2012 Ark. 124 (per curiam); *Cox v. State*, 2011 Ark. 96 (per curiam); *Evans v. State*, 2009 Ark. 529 (per curiam); *Nooner v. State*, 352 Ark. 481, 101 S.W.3d 834 (2003) (per curiam). A petitioner seeking a copy of the direct-appeal transcript or material filed in the course of an appeal to this court or the Arkansas Court of Appeals[1] must show a compelling need for the copy to support a specific allegation contained in a timely petition for postconviction relief. *See Mendiola*, 2013 Ark. 12; *see also Vance v. State*, 2012 Ark. 254 (per curiam); *Daniels*, 2012 Ark. 124; *Henderson v. State*, 2011 Ark. 522 (per curiam); *Hickey v. State*, 2010 Ark. 299 (per curiam); *Avery v. State*, 2009 Ark. 528 (per curiam); *Bradshaw v. State*, 372 Ark. 305, 275 S.W.3d 173 (2008) (per curiam).

Petitioner has not demonstrated that there is any particular issue that he cannot adequately raise to the court without access to the material he seeks to obtain. Accordingly, he has failed to show that the material should be provided to him. *Mendiola*, 2013 Ark. 92; *see also Daniels*, 2012 Ark. 124; *Hickey*, 2010 Ark. 299; *Johnson v. State*, 2010 Ark. 15 (per curiam).

With respect to petitioner's request for an extension of time to file a Rule 37.1 petition, it is the trial court that has jurisdiction over any petition under Rule 37.1 that petitioner may elect to file because the judgment of conviction in his case was entered after January 1, 1991. *See In re Reinstatement of Rule 37 of the Ark. Rules of Crim. P.*, 303 Ark. 746, 797 S.W.2d 458 (1990) (per curiam). Accordingly, if the Rule permitted extensions of time to file petitions, which it does

---

[1]With respect to postappeal motions that seek a copy at public expense of transcripts lodged in an appeal or other material on file with either this court or the court of appeals, this court rules on the motions because such motions are considered to be requests for postconviction relief. *Mendiola*, 2013 Ark. 92; *Daniels*, 2012 Ark. 124 (citing *Williams v. State*, 273 Ark. 315, 619 S.W.2d 628 (1981) (per curiam)).



not, it is the trial court, not this court, to which the motion should be addressed.

Motion denied.

HART, J., dissents.

*Carey E. Lyles Dowdy*, for petitioner.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for respondent.