

# SUPREME COURT OF ARKANSAS

No. CR-13-669

| | |
|---|---|
| COREY J. WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 13, 2014<br><br>PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND MOTION FOR TRANSCRIPT [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-10-3510]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

## PER CURIAM

In 2012, appellant Corey J. Williams was found guilty of aggravated robbery and misdemeanor theft of property, with a firearm enhancement. He was sentenced to an aggregate term of 540 months' imprisonment. The Arkansas Court of Appeals affirmed. *Williams v. State*, 2013 Ark. App. 179. Appellant subsequently filed in the trial court a timely, verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). The trial court denied appellant's petition without a hearing, and appellant lodged an appeal in this court.

Now before us are appellant's motions for extension of time to file his brief and for transcript. We need not consider the merits of the motions because it is clear from the record that appellant could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Holliday v. State*, 2013 Ark. 47 (per curiam); *Bates v.*

SLIP OPINION

*State*, 2012 Ark. 394 (per curiam); *Martin v. State*, 2012 Ark. 312 (per curiam). Accordingly, the appeal is dismissed, and the motions are moot.

When no hearing is held on a Rule 37.1 petition, the trial court has an obligation to provide written findings that conclusively show that the petitioner is entitled to no relief. *Riley v. State*, 2011 Ark. 394 (per curiam); *Sandoval-Vega v. State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam); *Camacho v. State*, 2011 Ark. 235 (per curiam); *Davenport v. State*, 2011 Ark. 105 (per curiam); *see also* Ark. R. Crim. P. 37.3. This court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can determine from the record that the petition was wholly without merit or that the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Riley*, 2011 Ark. 394; *Sandoval-Vega*, 2011 Ark. 393, 384 S.W.3d 508; *Davenport*, 2011 Ark. 105. In its order, the trial court found that appellant's claims based on prosecutorial misconduct, the denial of a fair and impartial trial, and a coerced confession were without merit. The trial court also denied appellant's request for the use of the trial transcript at public expense. The trial court did not address appellant's contention that he received ineffective assistance of counsel based on his attorney's failure to make any objections during trial. Because we determine from the record that the petition was wholly without merit, it is clear that appellant could not prevail on appeal.

In his petition, appellant first claimed that he was entitled to postconviction relief based on the argument that the prosecuting attorneys were vindictive when they amended the felony information to include a firearm enhancement after the first trial ended in a mistrial due to a hung jury. The court of appeals addressed this issue on direct appeal, holding that the trial court

SLIP OPINION

did not clearly err in determining that the State rebutted the presumption of prosecutorial vindictiveness. *Williams*, 2013 Ark. App. 179. Because the issue has been addressed in a prior appellate decision, it may not be revisited in a subsequent appeal. *Malone v. Hobbs*, 2013 Ark. 334 (per curiam). Moreover, claims of prosecutorial misconduct are not cognizable in a Rule 37.1 proceeding. *Moten v. State*, 2013 Ark. 503 (per curiam).

Appellant also claimed that his recorded statement, which was introduced into evidence at trial, was the result of coercion by law enforcement. There was no objection to the recorded statement at trial. This claim amounted to trial error. As a general rule, allegations of trial error, even those of constitutional dimension, must be raised at trial and subsequently on the record on direct appeal. *Moten*, 2013 Ark. 503.; *Green v. State*, 2013 Ark. 455 (per curiam). There is an exception, however, when the petitioner alleges errors that are so fundamental as to render the judgment of conviction void or subject to collateral attack. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. Appellant's allegation of trial error did not rise to a showing of fundamental error sufficient to void the judgment in his case.

Appellant also argued that he was entitled to relief based on the denial of a fair and impartial trial because counsel failed to inform the trial court of the existence of a letter from the victim stating that she did not want appellant to be prosecuted. According to the trial record, the existence of the letter and its admissibility was addressed by the trial court prior to trial. The State argued that it anticipated that counsel would attempt to introduce a statement from the victim stating, "I do not wish to prosecute," and it objected to the introduction of the statement. After considering arguments from the State and defense counsel, the trial court

SLIP OPINION

indicated that it was not going to allow the actual written statement to be introduced. During the trial, counsel attempted to elicit testimony from the victim on cross-examination that she was not testifying against appellant voluntarily. As the trial record refuted the claim that counsel failed to inform the trial court of the existence of the statement from the victim, and counsel, in fact, attempted to introduce evidence of the victim's hesitancy to testify against appellant, there was no basis for a finding of ineffective assistance of counsel.

Appellant also made the conclusory statement that he was denied effective assistance of counsel at trial because his attorney "made no objections during trial." He provides no factual substantiation for his claim, and the argument is not supported by the record. Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, nor do they warrant granting postconviction relief. *Wedgeworth v. State*, 2013 Ark. 119 (per curiam); *Crain v. State*, 2012 Ark. 412 (per curiam). We have repeatedly held that conclusory claims are insufficient to sustain a claim of ineffective assistance of counsel. *Wedgeworth*, 2013 Ark. 119; *Crain*, 2012 Ark. 412; *Reed v. State*, 2011 Ark. 115 (per curiam). Appellant's unsubstantiated and conclusory allegation clearly fell short of establishing that he was denied effective assistance of counsel at trial.

Finally, appellant claimed in his petition that he was entitled to a copy of the trial transcript at public expense to prove his claim of ineffective assistance of counsel. The trial court correctly found that appellant was not entitled to a copy of the transcript. It is well settled that indigency alone does not entitle a petitioner to free photocopying. *Daniels v. State*, 2012 Ark. 124 (per curiam); *see also Martinez-Marmol v. State*, 2013 Ark. 436 (per curiam); *Mendiola v. State*,

2013 Ark. 92 (per curiam). To be entitled to a copy of a trial transcript at public expense, a petitioner must show a compelling need for the transcript to support an allegation contained in a timely petition for postconviction relief. *Koontz v. State*, 2013 Ark. 181 (per curiam); *Mendiola*, 2013 Ark. 92. Appellant failed to provide any compelling need for the transcript. Accordingly, he failed to show that the transcript that he sought should have been provided to him at no cost. *See Daniels*, 2012 Ark. 124.

Appeal dismissed; motions moot.

*Corey J. Williams*, pro se appellant.

No response.