SLIP OPINION

Cite as 2014 Ark. 369

# SUPREME COURT OF ARKANSAS

No. CR-96-514

**Opinion Delivered** September 11, 2014

MALIK A. KHABIR, a/k/a LEROY
McCOY

PETITIONER

V.

STATE OF ARKANSAS

RESPONDENT

PRO SE MOTION FOR COPY OF
BRIEF-IN-CHIEF AT PUBLIC
EXPENSE [JACKSON COUNTY
CIRCUIT COURT, NO. 34CR-94-181]

MOTION DENIED.

## PER CURIAM

In 1995, petitioner Malik A. Khabir, who is also known as Leroy McCoy, was found guilty of delivery of a controlled substance and sentenced to 480 months' imprisonment and a $5000 fine. Because the offense was committed within 1000 feet of a park, the sentence was enhanced pursuant to Arkansas Code Annotated section 5-64-411(a) (Supp. 1995). We affirmed. *McCoy v. State*, 326 Ark. 104, 929 S.W.2d 712 (1996).

On July 15, 2014, petitioner filed the instant motion, seeking at public expense a copy of the appellant's brief-in-chief filed in the direct appeal of the judgment. Petitioner appended his affidavit of indigency to the motion.

As grounds for the request for the copy, petitioner states that he is seeking to get his case back before the courts with the assistance of a legal organization and that he is unable to pay the photocopying fee for a copy of the brief. Petitioner has not stated good cause to grant the motion.

Indigency alone does not entitle a petitioner to free copying of material on file with either

of our appellate courts. *See Williams v. State*, 2014 Ark. 70 (per curiam); *see also Mendiola v. State*, 2013 Ark. 92 (per curiam); *Daniels v. State*, 2012 Ark. 124 (per curiam); *Cox v. State*, 2011 Ark. 96 (per curiam); *Evans v. State*, 2009 Ark. 529 (per curiam); *Nooner v. State*, 352 Ark. 481, 101 S.W.3d 834 (2003) (per curiam). A petitioner seeking a copy of written material filed in the course of the direct appeal of a judgment of conviction[1] must show a compelling need for the copy to support a specific allegation contained in a timely petition for postconviction relief. *See Williams*, 2014 Ark. 70; *see also Mendiola*, 2013 Ark. 92; *Vance v. State*, 2012 Ark. 254 (per curiam); *Daniels*, 2012 Ark. 124; *Henderson v. State*, 2011 Ark. 522 (per curiam); *Hickey v. State*, 2010 Ark. 299 (per curiam); *Avery v. State*, 2009 Ark. 528 (per curiam); *Bradshaw v. State*, 372 Ark. 305, 275 S.W.3d 173 (2008) (per curiam).

Petitioner has not established that there is a postconviction remedy available to him at this time in either state or federal court. *See Ward v. State*, 2013 Ark. 250 (per curiam). Moreover, even if there is a remedy available, he has not demonstrated that there is any particular issue that he cannot adequately raise to the court without access to the brief he seeks to obtain. Accordingly, he has failed to show that he has a compelling need for the brief to warrant providing it to him at public expense. *Williams*, 2014 Ark. 70; *see also Mendiola*, 2013 Ark. 92; *see also Daniels*, 2012 Ark. 124; *Hickey*, 2010 Ark. 299; *Johnson v. State*, 2010 Ark. 15 (per curiam).

Motion denied.

*Malik A. Khabir*, pro se petitioner.
No response.

---

[1]Post-appeal motions that seek a copy at public expense of material on file with either this court or the Arkansas Court of Appeals are considered to be requests for postconviction relief. *Mendiola*, 2013 Ark. 92; *Daniels*, 2012 Ark. 124 (citing *Williams v. State*, 273 Ark. 315, 619 S.W.2d 628 (1981) (per curiam)).