SLIP OPINION

Cite as 2014 Ark. App. 576

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–14–176

|  |  |
|---|---|
| DAMIEN FORD <br>                                   APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br>                                     APPELLEE | **Opinion Delivered** October 29, 2014 <br><br> APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. CR–2012-438-3] <br><br> HONORABLE KIRK JOHNSON, JUDGE <br><br> AFFIRMED |

**JOHN MAUZY PITTMAN, Judge**

Appellant was convicted of one count of first-degree battery, one count of second-degree battery, and one count of aggravated assault for his role in the beating death of his live-in girlfriend's twenty-three-month-old son. He was sentenced to a total of fifty-two years' imprisonment. He argues on appeal that the trial court erred in denying his motion for directed verdicts of acquittal. We affirm.

Our standard of review is well-settled:

A motion for directed verdict is a challenge to the sufficiency of the evidence. When a defendant makes a challenge to the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State. Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion one way or the other. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. On appeal, this court does not weigh the evidence presented at trial, as that is a matter for the fact-finder, nor do we assess the credibility of the witnesses.

SLIP OPINION

*Woods v. State*, 363 Ark. 272, 275, 213 S.W.3d 627, 629–30 (2005) (internal citations omitted).

Viewed in light of this standard, the record shows that the twenty-three-month-old child, who weighed only fourteen pounds at the time of his death, was found to be severely beaten as evidenced by over thirty lash marks, bruising, and swelling over his entire body. It is undisputed that appellant and the child's mother, Simone Franklin, were solely in charge of the child during the twenty-four hours prior to his death. Simone Franklin gave detailed testimony to the effect that she woke to the sound of a belt and discovered appellant beating the child. She said that she intervened, removed the boy to another room, and went back to sleep. She awoke again to the sound of appellant beating the child with a belt and yelling "Get up." She testified that the child was naked and unable to stand up. She diapered him and was taking him into the kitchen when appellant grabbed the infant by the ankle and swung him around. Afterward, when she discovered that the child could neither stand nor hold his head up, she called 911. She admitted that she had previously told several lies about the cause of the child's injuries, explaining that she had done so because appellant had threatened to kill her if she talked to the police.

Appellant argues that the evidence is insufficient to support his convictions because Simone Franklin's testimony that she had previously lied regarding the cause of the child's injuries rendered her testimony incredible as a matter of law. We do not agree. The witness's credibility was a matter for the jury to determine. *Newton v. State*, 2011 Ark. App. 190, 382 S.W.3d 711. Where the testimony is conflicting, we do not pass upon the credibility of the

witnesses and have no right to disregard the testimony of any witness after the jury has given it full credence, where it cannot be said with assurance that it was inherently improbable, physically impossible, or so clearly unbelievable that reasonable minds could not differ thereon. *Id.* Viewing the evidence in the light most favorable to the State, there was substantial evidence to support appellant's convictions.

Affirmed.

GLADWIN, C.J., and WYNNE, J., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.