SLIP OPINION



Cite as 2014 Ark. 492

# SUPREME COURT OF ARKANSAS

No. CR-14-727

| | |
|---|---|
| SHANE DONOVAN WADE<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** November 20, 2014<br><br>PRO SE MOTIONS TO HAVE CLERK LODGE THE RECORD AND PROCEED WITH A BELATED APPEAL AND TO REQUEST FULL RECORD AT PUBLIC EXPENSE [INDEPENDENCE COUNTY CIRCUIT COURT, NO. 32CR-11-27]<br><br>HONORABLE JOHN DAN KEMP, JUDGE<br><br><u>MOTION TO HAVE CLERK LODGE THE RECORD TREATED AS MOTION FOR BELATED APPEAL AND DENIED; MOTION TO REQUEST FULL RECORD DENIED</u>. |

**PER CURIAM**

Petitioner Shane Donovan Wade tendered to this court's clerk a record for an appeal of the denial of his pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2014). The clerk declined to file the record because the notice of appeal was not timely filed. Petitioner has now filed a pro se motion to have the clerk lodge the record and proceed with a belated appeal and another motion requesting the record at public expense. We treat the motion to lodge the record as a motion for belated appeal because we determine that the notice of appeal was not timely filed. *See Delgado v. State*, 2012 Ark. 9 (per curiam). We deny both motions.

Petitioner Shane Donovan Wade filed in the trial court a timely petition under Arkansas Rule of Criminal Procedure 37.1 (2014) on March 14, 2014, challenging a judgment reflecting

his conviction for aggravated robbery entered on November 7, 2011.[1] The trial court dismissed the petition on April 21, 2014, on the basis that the petition had not been properly verified in accord with Rule 37.1(c). On the same date that the order was entered, petitioner filed a motion for reconsideration in which he asserted that the petition had in fact been properly verified. The court entered an order on May 27, 2014, that denied the motion for reconsideration. Petitioner then filed a notice of appeal on May 29, 2014, in which he sought to appeal the order dismissing the Rule 37.1 petition, and, apparently unaware of the order denying the motion for reconsideration, he asserted that the petition was verified and that the time for filing a notice of appeal should be extended until the court had ruled on the motion for reconsideration.

As the basis for his request to this court to direct its clerk to accept the record and permit him to proceed with an appeal of the order denying postconviction relief, petitioner contends that his notice of appeal was timely filed, in that the time for filing it was extended when he filed his motion for reconsideration. Petitioner contends in his motion for rule on clerk that, because all issues were omitted and he sought rulings on those issues, the motion for reconsideration was allowed under Arkansas Rule of Criminal Procedure 37.2(d). Whether petitioner filed a motion permitted under Rule 37.2 is crucial to his position because, if the motion was allowed, it extended the time for filing the notice of appeal. If petitioner could not file a motion for reconsideration on the basis that he did, then the notice of appeal for the decision dismissing the Rule 37.1 petition had to be filed no later than May 21, 2014, and the May 29, 2014 notice

---

[1]The sentencing order in the partial record is for a different case, but the judgment, of which we take notice, is included in the record for CR-12-463. Petitioner appealed his jury conviction for aggravated robbery, and the Arkansas Court of Appeals affirmed. *Wade v. State*, 2014 Ark. App. 2. The mandate issued on January 28, 2014.

of appeal was not timely. If the motion for reconsideration was on a permissible basis, then the deadline for the notice of appeal was extended to June 26, 2014, thirty days after the entry of the order denying the motion for reconsideration.

Under Arkansas Rule of Appellate Procedure–Criminal 2(a)(4), those who seek to appeal an order denying postconviction relief must file a notice of appeal within thirty days of the date of the order denying relief. Rule 37.2(d) generally prohibits motions for reconsideration or rehearing on a petition under Rule 37.1, but this court has recognized a narrow exception to that rule permitting an appellant to file a valid, timely motion requesting the circuit court to modify its order to include a ruling on an omitted or unresolved issue that was raised in the Rule 37.1 petition. *Lovett v. State*, 2013 Ark. 8. Where an appellant has made such a valid and timely request for a ruling on an omitted issue, the time for filing the notice of appeal is extended in a manner similar to the extension allowed for filing a notice of appeal after a posttrial motion. *Id.* This exception is narrowly construed and is limited to only those situations where the trial court is specifically asked to rule on an unresolved issue. *Id.*

Here, the issue was whether the Rule 37.1 petition was properly verified to permit the trial court to consider the merits of the petition, and that issue was resolved in the trial court's April 21, 2014 order, whether correctly or incorrectly. Despite his characterization of it to the contrary, petitioner's motion for reconsideration sought to have the court reach a different conclusion on a question that it had addressed, and it did not seek resolution of unresolved issues. Thus, the basis for the motion was not such to permit an extension of time in which to file his notice of appeal as to the April 21, 2014 order. Our clerk therefore correctly declined

to accept the record on the basis that the notice of appeal was not timely filed.

Under Arkansas Rule of Appellate Procedure–Criminal 2(e), this court may permit a belated appeal only when a petitioner shows good reason for the failure to follow the rules of procedure. *Nelson v. State*, 2010 Ark. 218 (per curiam). Petitioner does not establish good cause for his failure to comply with our rules of procedure because he does not provide a reason for the failure, and he instead avers that he has timely filed the notice of appeal when he has not. *See Daniels v. State*, 2009 Ark. 607 (per curiam).

In petitioner's motion seeking a copy of the record at public expense, he alleges that he is indigent, and he indicates that he requires copies of motions filed in the circuit court and the State's response because the circuit court clerk failed to provide him with file-marked copies. He states that copies of the motions are critical to his appeal in this court. Because we decline to grant the motion for belated appeal to permit petitioner's appeal to go forward, he has stated no basis on which to grant his motion for copies at public expense.

Indigency alone does not entitle a petitioner or appellant to free copying of material on file with either of our appellate courts. *See Khabir v. State*, 2014 Ark. 369, 439 S.W.3d 679 (per curiam). To be entitled to photocopying at public expense, a petitioner must show a compelling need for the material to support an allegation contained in a timely petition for postconviction relief. *Vance v. State*, 2012 Ark. 254 (per curiam). Unless a petitioner identifies some postconviction relief that is currently available to him and for which he needs the materials to pursue, he has failed to meet his burden of demonstrating a compelling need. *See id.*; *Khabir*, 2014 Ark. 369, 439 S.W.3d 679.

4

SLIP OPINION

Motion to have clerk lodge the record treated as motion for belated appeal and denied; motion to request full record denied.

*Shane Donovan Wade*, pro se petitioner.

No response.