SLIP OPINION

Cite as 2014 Ark. 502

# SUPREME COURT OF ARKANSAS

No. CR-14-158

| | |
|---|---|
| TOMMY MARTEZ BARBER<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | Opinion Delivered December 4, 2014<br><br>PRO SE REQUEST FOR PRODUCTION OF DOCUMENTS [ST. FRANCIS COUNTY CIRCUIT COURT, NO. 62CR-12-504]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br>REQUEST FOR PRODUCTION OF DOCUMENTS TREATED AS MOTION FOR COPIES AT PUBLIC EXPENSE AND DENIED. |

**PER CURIAM**

Following the entry of his guilty plea to first-degree murder, petitioner Tommy Martez Barber filed in the trial court a petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014). The trial court denied the petition, and petitioner lodged an appeal in this court. We dismissed the appeal. *Barber v. State*, 2014 Ark. 179 (per curiam). Petitioner has now filed a "request for production," in which he seeks to be provided with a copy of the brief that he filed in his appeal of the denial of his Rule 37.1 petition.

Petitioner asserts as grounds for this court to grant his request that he should have been provided a file-marked copy of the brief when he submitted it for filing, but that he was not.[1] Petitioner additionally attached an affidavit of indigency attesting that he is a pauper. Because

---

[1] Arkansas Sup. Ct. R. 4-7(d)(1) (2014) requires an appellant who is acting pro se and who is incarcerated to submit eight copies of his or her brief-in-chief. If the appellant submits an extra copy of the brief, a file-marked copy is returned to the appellant.

SLIP OPINION

petitioner indicates that he desires to have a copy of the brief provided to him without payment, the motion is treated as one for copies at public expense.

Indigency alone does not entitle a petitioner or appellant to free copying of material on file with either of our appellate courts. *See Khabir v. State*, 2014 Ark. 369, 439 S.W.3d 679 (per curiam); *see also Evans v. State*, 2012 Ark. 375 (per curiam) (noting that an appellant's mere desire for a copy of his brief did not constitute good cause to provide him a copy of it at public expense). To be entitled to photocopying at public expense, a petitioner must show a compelling need for the material to support an allegation contained in a timely petition for postconviction relief. *Vance v. State*, 2012 Ark. 254 (per curiam). Unless a petitioner identifies some postconviction relief that is currently available to him and for which he needs the materials to pursue, he has failed to meet his burden of demonstrating a compelling need. *See id.*; *Khabir*, 2014 Ark. 369, 439 S.W.3d 679. In this case, petitioner failed to identify any need or use for the brief. Accordingly, the motion is denied.

Request for production of documents treated as motion for copies at public expense and denied.

*Tommy Martez Barber*, pro se petitioner.

No response.