SLIP OPINION



Cite as 2015 Ark. 85

# SUPREME COURT OF ARKANSAS
No. CR-09-519

| | | |
|---|---|---|
| RAMON WILLIAMSON | PETITIONER | Opinion Delivered February 26, 2015 |
| V. | | PRO SE MOTION FOR COPIES AT PUBLIC EXPENSE [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-06-2169] |
| STATE OF ARKANSAS | RESPONDENT | MOTION DENIED. |

**PER CURIAM**

In 2008, judgment was entered reflecting that petitioner Ramon Williamson had been found guilty by a jury of capital murder for which he was sentenced to life imprisonment without parole. This court affirmed. *Williamson v. State*, 2009 Ark. 568, 350 S.W.3d 787.

On December 29, 2014, petitioner filed the instant pro se motion seeking a copy at public expense of the date on which this court decided the appeal and a copy of this court's decision and all other written material from the appeal. Petitioner has appended his affidavit of indigency to the motion.

The judgment was affirmed by this court on November 12, 2009. With respect to the request for copies of the decision and other written material from the direct appeal, petitioner has not stated good cause to provide copies at public expense. There is no statement of the nature of any legal proceedings in the case or why the documents are needed to proceed in the case. No issues that petitioner intends to raise in state or federal court are identified. There is also no statement as to whether a postconviction remedy is available to petitioner at this time in any court.

SLIP OPINION

We have consistently held that indigency alone does not entitle a petitioner to free copying of any material on file with either this court or the Arkansas Court of Appeals. *Wade v. State*, 2014 Ark. 492 (per curiam). A petitioner seeking a copy of written material on file with an Arkansas appellate court must show a compelling need for the copy to support a *specific* allegation contained in a timely petition for postconviction relief. *Id.*

Petitioner has not demonstrated that there is any particular issue that he cannot adequately raise to a particular court without access to the written material he seeks. Furthermore, he has not demonstrated that there is a postconviction remedy open to him at this time. *See Khabir v. State*, 2014 Ark. 369, 439 S.W.3d 679 (per curiam) (citing *Ward v. State*, 2013 Ark. 250 (per curiam)). Accordingly, he has failed to show that he has a compelling need for any material on file with this court's clerk to warrant providing him with copies at public expense.[1] *Williams v. State*, 2014 Ark. 70 (per curiam).

Motion denied.

*Ramon Williamson*, pro se petitioner.

No response.

---

[1]It should be noted that when an appeal has been lodged in the appellate courts, the appeal record and other material pertaining to the appeal remain permanently on file with the clerk. Persons may review a record or other material in the clerk's office and photocopy all or portions of it. An incarcerated person desiring a photocopy of a record or other material on file here may write this court, remit the photocopying fee, and request that the copy be mailed to the prison. All persons, including prisoners, must bear the cost of photocopying, absent a compelling need. *Austin v. State*, 287 Ark. 256, 697 S.W.2d 914 (1985) (per curiam).