SLIP OPINION

Cite as 2015 Ark. 214

# SUPREME COURT OF ARKANSAS

No. CV-14-1084

| | |
|---|---|
| CRAIG BAKKALA<br><br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered May 14, 2015<br><br>PRO SE APPEAL FROM THE LEE<br>COUNTY CIRCUIT COURT;<br>MOTIONS FOR COPIES, FOR<br>APPOINTMENT OF COUNSEL, AND<br>TO FILE SUPPLEMENTAL<br>ADDENDUM<br>[NO. 39CV-14-83]<br><br>HONORABLE RICHARD L.<br>PROCTOR, JUDGE<br><br><u>AFFIRMED; MOTION FOR COPIES<br>DENIED; MOTIONS FOR<br>APPOINTMENT OF COUNSEL AND<br>TO FILE SUPPLEMENTAL<br>ADDENDUM MOOT.</u> |

**PER CURIAM**

Appellant Craig Bakkala, an inmate in the Arkansas Department of Correction, filed a petition for writ of habeas corpus in the Lee County Circuit Court, which is the circuit court of the county where appellant was incarcerated.[1] The petition sought relief from a Greene County Circuit Court judgment convicting appellant of rape. The circuit court denied the petition, and appellant lodged this appeal. The appeal has been fully briefed, and appellant has filed three motions in which he requests permission to file a supplemental addendum, a copy of his brief, and appointment of counsel.

A circuit court's denial of habeas relief will not be reversed unless the court's findings are

---

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

SLIP OPINION

clearly erroneous. *Henderson v. State*, 2014 Ark. 180 (per curiam). In this case, the circuit court correctly determined that the claims raised in appellant's petition were not cognizable in habeas proceedings.

In the petition seeking the writ, appellant alleged that his confession was coerced, that he did not understand the plea that he entered, and that his attorney misled him and was otherwise ineffective. Intertwined in these allegations were assertions that the evidence against him was insufficient to support the charge and that there were errors made in accepting his plea. Appellant alleged, in summation, that counsel's representation of him was so defective that it rendered his plea invalid and that the judgment was therefore invalid on its face.

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Arnett v. Hobbs*, 2014 Ark. 540 (per curiam).

Although appellant attempted to frame the issues in his petition as a claim that the commitment was invalid on its face, his allegations are based on claims of ineffective assistance of counsel. Allegations of ineffective assistance of counsel are properly raised in the trial court in a timely proceeding under Arkansas Rule of Criminal Procedure 37.1, and a petition for writ

SLIP OPINION

of habeas corpus is not a substitute for a petition under the rule. *Sims v. State*, 2015 Ark. 41 (per curiam). Assertions of trial error, such as appellant's allegations of a coerced confession, are not claims cognizable in proceedings for the writ. *Murphy v. State*, 2013 Ark. 155 (per curiam). To the extent that appellant contended that his plea proceedings were not proper, the claims were likewise not the type of claim cognizable in habeas proceedings. *Washington v. State*, 2011 Ark. 360 (per curiam).

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for the writ to issue. *Sims*, 2015 Ark. 41. Because appellant stated no cognizable claim in the petition, the trial court was not clearly erroneous in denying relief on the petition. Because we affirm the circuit court's denial of the habeas petition, the motions requesting appointment of counsel and permission to file a supplemental addendum are moot.

Appellant requests a copy of his brief for use in future proceedings, but he has not identified the nature of any proceedings that he seeks to pursue or the issues that he intends to raise. He therefore fails to show a compelling need for a copy of the brief that would warrant providing him with a copy at public expense. *Williamson v. State*, 2015 Ark. 85 (per curiam); *see also Khabir v. State*, 2014 Ark. 369 (per curiam). We therefore deny the motion for copies.

Affirmed; motion for copies denied; motions for appointment of counsel and to file supplemental addendum moot.