SLIP OPINION

Cite as 2016 Ark. 3

# SUPREME COURT OF ARKANSAS.
No. CR–15–398

| | | |
|---|---|---|
| DAMIEN FORD | | **Opinion Delivered** January 7, 2016 |
| | APPELLANT | |
| V. | | PRO SE MOTION FOR EXTENSION OF TIME, MOTION FOR TRANSCRIPT, AND MOTION TO HOLD IN AVAIL [MILLER COUNTY CIRCUIT COURT, NO. 46CR–12–438] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE KIRK DOUGLAS JOHNSON, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 2013, appellant Damien Ford was found guilty by a Miller County jury of first-degree battery, second-degree battery, and aggravated assault for the beating death of his live-in girlfriend's twenty-three-month-old son. He was sentenced to an aggregate term of 624 months' imprisonment. On October 29, 2014, the Arkansas Court of Appeals affirmed. *Ford v. State*, 2014 Ark. App. 576. The mandate issued on November 18, 2015.

On January 23, 2015, Ford filed in the trial court a verified, untimely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015), arguing eleven claims of ineffective assistance of counsel. The trial court denied relief on the untimely petition, and an appeal was lodged.

Now before us is Ford's motion for extension of time, motion for transcript, and motion to hold in avail. Because it is clear from the record that Ford could not prevail on appeal, we dismiss the appeal, and the motions are therefore moot. An appeal from an order

that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *Williams v. State*, 2014 Ark. 70 (per curiam).

Under Rule 37.2(c)(ii), if an appeal was taken of the judgment of conviction, a petition claiming relief under Rule 37.1 must be filed in the trial court within sixty days of the date the mandate is issued by the appellate court. The mandate in Ford's direct appeal was issued on November 18, 2015, meaning a postconviction petition pursuant to the Rule must have been filed by January 19, 2015.[1] As the trial court correctly noted, Ford's January 23, 2015 petition was untimely. Because it is clear from the record that Ford could not prevail on appeal, we dismiss the appeal, and the motions are therefore moot.

Appeal dismissed; motions moot.

WYNNE, J., not participating.

---

[1]The actual date for Ford to file his Rule 37 petition would have been January 17, 2015, but that date fell on a Saturday; therefore, the last day to file his Rule 37 petition would have been the following business day, Monday, January 19, 2015. Ark. R. App. P.–Crim. 17 (2015).